Ali v. Philadelphia City Planning Commission

*Steven David Masters*, for appellant.

*Benjamin Mishkin* and *Eleanor N. Ewing*, for appellee.

PADILLA, *J.*, Sept. 26, 2014—Jihad Ali ("Ali") appeals from this court's order of June 30, 2014, denying his appeal from the final determination of the Pennsylvania Office of Open Records ("OOR") and upholding the decision of the OOR.

## FACTUAL AND PROCEDURAL HISTORY

On April 15, 2013, Jihad Ali ("appellant") filed a Pennsylvania Right to Know Law ("RTKL") request seeking ali public records in the possession of the Philadelphia City Planning Commission ("appellee") from 2003 to the present time relating to the revitalization and

redevelopment of the 60th Street Commercial corridor.

On May 22, 2013, appellee denied the request in part, redacting the following pursuant to the Copyright Act, 17 U. S. C. §§ 101 *et seq.* as follows:

> In the document entitled "Affordable Rental Housing Development Proposal-60th Street Corridor," architectural drawings of the floor plans have been redacted from pages 45 through 50. A map of "community services" in the 60th Street has been redacted from page 53.
>
> In the document entitled "60th Street Commercial Corridor UP.UD Assessment," maps, architectural schematics, and artists' renderings have been redacted from pages 18, 21, 45, 47, 49, 51, 53-54, 56, 59,64, 67, 70, 74, 77, 79, 81, 83, 85-91, 94-98, and 100. Descriptions of each redacted item can be found in the unredacted titles on the relevant pages.
>
> In the document entitled "60th Street Property Analysis," maps and artists' renderings have been redacted from pages 2, 4, 10, 13, 14, 16 and 19. Artists' renderings have been redacted from pages 13 and 19 depicting the finished projects described therein, and the remainder of the redactions are maps depicting the boundaries of the referenced sites and/or projects.

*See* City of Philadelphia's Denial Letter, May 22, 2013.

Additionally, appellee redacted information it claimed was exempt from disclosure as confidential proprietary information pursuant to 65 P. S. § 67.708(b)(11). Specifically, "[i]n the document entitled 'Affordable Rental Housing Development Proposal-60th Street Corridor,' the following confidential proprietary information has been

redacted on pages 29, 30, and 33; a pro forma financial statement and an operating budget balance sheet." *See* City of Philadelphia's Denial Letter, May 22, 2013.

On June 13, 2013, appellant appealed that decision to the OOR.

On June 25, 2013, appellee provided its position statement and statement made under penalty of perjury by Steven Williams, Executive Director of the Partnership Community Development Corporation ("The Partnership CDC.") Appellant also filed his position statement.

On July 23, 2013, the OOR issued its final determination, granting appellant's appeal in part and denying it in part. The OOR required appellee to provide without redaction the "Affordable Rental Housing Development Proposal-60th Street Corridor" on pages 29, 30, and 33; a pro forma financial statement and the operating budget balance sheet" that had been redacted as proprietary confidential information within thirty (30) days of the mailing date of the determination. In the same determination, the OOR denied appellant's request for the information protected under federal copyright law.

On August 15, 2013, appellant filed a notice of statutory appeal in this court.

On August 16, 2013, appellant filed a motion to amend the caption and change the respondent from the Office of Open Records to the Philadelphia City Planning Commission.

On August 22, 2013, appellee filed a statutory appeal in this court in opposition to the OOR's decision to grant appellant access to the budget balance sheets and pro forma financial statements; that matter was administratively consolidated with appellant's appeal as both matters

involved the same agency decision.[1]

On September 12, 2013, this court granted appellant's motion and amended the caption to *Jihad Ali v. Philadelphia City Planning Commission.*

On November 27, 2013, the certified record was received.

On January 6, 2014, appellant filed his brief, arguing that the Commonwealth of Pennsylvania has the statutory authority to nullify federal copyright law's "fair use" doctrine, and that the OOR failed to apply federal preemption doctrines to resolve the conflict between federal copyright law and state right-to-know-law.

On January 6, 2014, appellee filed its brief on the cross-appeal from the decision of the OOR, arguing that the OOR should have denied appellant's appeal on the basis that the material responsive to his request constituted the confidential proprietary information of a third party. That same day, appellee filed a motion to supplement the record with an additional affidavit.

On January 31, 2014, appellant filed an additional brief in opposition of appellee's cross-appeal. He averred that the records the OOR requested the City to disclose were not covered under the exemption in Section 708(b)(11) of the RKTL, because the agency must establish that the documents are both confidential proprietary information and trade secrets, and the agency did not meet its burden under the statute.

On February 3, 2014, appellee filed its brief, arguing that appellant's appeal should be denied and the OOR's

---

1. Appellee did not appeal this court's ruling upholding the final determination of the OOR.

decision should be upheld in part and overturned in part. Appellee argued that the OOR properly denied appellant's appeal for the materials protected by copyright, and that appellant did not properly interpret the Fair Use Doctrine, and further that the Fair Use Doctrine has no application under the RTKL.

On February 18, 2014, appellant filed a reply to appellee's brief.

On February 28, 2014, this court granted appellee's motion to supplement the record.

On March 5, 2014, appellant filed a praecipe to supplement and attach a corrected reply brief of that originally filed February 18, 2014.

On March 18, 2014, the court heard oral argument on the merits of this case. Appellant again argued that Federal Copyright Law preempts the Pennsylvania RTKL. Notes of Testimony, hereinafter N. T., 3/6/14 at 4-5. Appellee, on the other hand, averred that when they get to a copyrighted document, the sole inquiry they conduct is whether it is protected by copyright; if it is protected, the city then ends its inquiry. N. T. 3/6/14 at 10. Appellant argued that the case was not moot, as this was a situation where appellant would be repeatedly denied access, and because it is a question of importance to the public interest. N. T. 3/6/14 at 15-16. Appellee responded that appellant had already obtained the records at issue from another source, and additionally, that there was no question every denial of a request could be appealed, and that there is not significant public interest involved, as the question presented is simply whether or not appellant should access certain drawings. N. T. 3/6/14 at 18-19.

Additionally, appellant argued he should be entitled to

attorney's fees for the costs of prosecuting the case, as it was a matter of public interest. N. T. 3/6/14 at 21. Appellee argued that attorney's fees and costs are available only when the denial was made in bad faith, which was not the case here; the OOR had repeatedly held that a fair use analysis should be conducted outside of the context of the RTKL. N.T. 3/6/14 at 21.

On June 30, 2014, this court entered an order denying appellant's statutory appeal.

On July 28, 2014, appellant filed a timely notice of appeal to the Superior Court.

On July 29, 2014, this court issued its order pursuant to Pa. R.A.P. 1925(b), directing appellant to file his concise statement of matters complained of on appeal within twenty-one (21) days.

On August 19, 2014, appellant filed his statement of errors complained of on appeal, arguing that this court erred in denying its appeal because it "erroneously [upheld] the reasoning of the Pennsylvania Office of Open Records in *Najarian v. North Whitehall Twp.*;" that this court erred in upholding the redaction of copyrighted material from records; that this court erred in not applying the fair use doctrine codified at 17 U. S. C. § 107; that this court erred in failing to hold that Article I § 8 of the constitution as well as §301(a) of the Federal Copyright Act preempts the RTKL; that this court erred in failing to hold that the RTKL is preempted under the doctrine of implied or conflict preemption; that this court erred in dismissing appellant's appeal for lack of subject matter jurisdiction on the basis that any claims arising under the federal Copyright Act must be tried in federal court; that this court erred in dismissing appellant's appeal on the basis of mootness; and erred by denying appellant's

claims for attorney's fees and costs.

## DISCUSSION

On appeal, appellant raises a litany of issues relating to this court's denial of his RTKL request.

The RTKL is the statute providing for access to public records in Pennsylvania. *Bowling v. Office of Open Records*, 75 A.3d 453, 455 (Pa. 2013). This court's scope as the first level of appellate review per Chapter 13 of the Right to Know Law is de novo and shall contain findings of fact and conclusions of law based upon the evidence as a whole, clearly and concisely explaining the rationale of the decision. *Com., Pennsylvania Gaming Control Bd. v. Office of Open Records*, 48 A.3d 503, 507 (Pa. Commw. Ct. 2012) *appeal granted*, 74 A.3d 1027 (Pa. 2013); *In re Right to Know Law Request Served on Venango Cnty.'s Tourism Promotion Agency, Lead Econ. Dev. Agency*, 83 A.3d 1101,1105 (Pa. Commw. Ct. 2014); 65 P.S. § 67.1301(a). A reviewing court may substitute its own findings of fact for that of the agency. *Gaming Control Board*, 48 A.3d at 507.

The RTKL requires agencies to disclose public records and provides that "a record in the possession of a Commonwealth agency... shall be presumed to be a public record." 65 P. S. § 67.305(a). Upon receipt of a written request for access to a record, an agency shall make a good faith effort to determine if the record requested is a public record... and whether the agency has possession... of the identified record." 65 P. S. § 67.901. The burden of proving a record of the Commonwealth or local agency is exempt from public access is on that agency, by a preponderance of the evidence standard. 65 P. S. § 67.708(a)(1). The subject of appellant's requests were, as noted above, drawings and plans subject to copyright by

the partnership CDC; thus, the OOR found that they were exempted under the trade secret/confidential proprietary information exception. 65 P. S, § 67.708(b)(11).

## I. FEDERAL PREEMPTION

Appellant raises numerous arguments that the Right to Know Law should be pre-empted by Federal Copyright Law.

The Supremacy Clause of the United States Constitution holds that federal laws are the supreme law of the land, and the concept of preemption derives therefrom. U. S. Const. art. VI, cl. 2. *See also Dooner v. DiDonato*, 601 Pa. 209, 218-19, 971 A.2d 1187, 1193 (2009). Three types of preemption have been carved out; 1) express, where there exists an explicit statutory command; 2) implied, or where federal law so thoroughly occupies a legislative field as to make reasonable the inference that congress left no room for the states to supplement it; and 3) conflict, or where a state and federal law conflict because it is impossible to comply with both or where the state law is an obstacle to the goal of the federal law. *Stone Crushed P'ship v. Kassab Archbold Jackson & O'Brien*, 589 Pa. 296, 305,908 A.2d 875,881 (2006); *see also Dooner*, 971 A.2d at 1193.

Thus, the Pennsylvania State RTKL addresses these preemption concerns. Generally, a record in possession of a Commonwealth or local agency is presumed to be a public record, unless the record is a) exempt under 65 P.S. § 67.708; b) protected by a privilege; exempt from disclosure under any other federal or state law or regulation or judicial order or decree. 65 P. S. § 67.305. Additionally, the RTKL specifies that nothing "in [the RTKL] shall supersede or modify the public or nonpublic nature of a record or document established in federal or state law, regulation, or judicial order or decree." 65 P. S.

§ 67.306. If the provisions of RTKL regarding access to records conflicts with any other federal or state law, the provisions of the act shall not apply. 65 P. S. § 67.3101.1.

17 U.S.C. § 106 of the Federal Copyright Act grants copyright owners "exclusive rights to do and to authorize" reproduction, preparation of derivative works, distribution of copies, and public performance and displays. 17 U.S.C. § 106. Section 107, the Fair Use exception, holds that "fair use of a copyrighted work, including such use by reproduction in copies or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching,...scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107. Fair use is an *affirmative defense* to a claim of copyright infringement *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 599, 114 S. Ct. 1164, 1181, 127 L. Ed. 2d 500 (1994) (emphasis added). The city redacted the copyrighted information at the request of the copyright holder, the Partnership CDC; thus no infringement exists.[2] There is no case law currently available to this court indicating the doctrine may be applied prospectively in the context in which Ali seeks to apply it, i.e. as support for a RTKL request.[3]

Further, this court does not have jurisdiction to determine

_____

2. "The Partnership CDC is the holder of the copyright and does not consent to the release of the protected information." *See* final determination of the OOR, p. 4;

3. Although the decision is not precedential or binding authority, the Office of Open Records has previously discussed the Fair Use Doctrine as it applies to the Copyright Act exception, noting that a logical application of the Fair Use Doctrine in this context creates the likelihood of finding a specific record public for one requester while rendering the same record exempt for another requester. *Najarian v. North Whitehall Twp.*, AP 2009-0916 (Pa. OOR Dec. 30, 2009). Further, an agency is precluded from denying a request because of the record's intended use, whereas the Fair Use Doctrine requires a determination of the record's use. *Id.* This is an unacceptable outcome, as the record is either public or not; thus, the Fair Use analysis should be conducted outside the RTKL context. *Id.*

the merits of a fair use claim. State courts do have the jurisdiction to hear cases sounding in federal preemption claims, as they challenge subject matter jurisdiction and the competence of the court to reach the merits of the claims raised. *Mastrocola v. Se. Pennsylvania Transp. Auth.*, 941 A.2d 81, 88 (Pa. Commw. Ct. 2008). However, state courts do not have subject matter jurisdiction to hear claims regarding copyright, as such a claim is entirely within the jurisdiction of the federal courts. 28 U.S.C. §1338(a). *See also Pottstown Daily News Pub. Co. v. Pottstown Broad. Co.*, 411 Pa. 383, 385, 192 A.2d 657, 659 (1963).

Accordingly, this court properly denied Ali's appeal.

## II. ATTORNEY'S FEES

Additionally, appellant argues that this court erred in failing to award him attorney's fees. The RTKL does allow for the reward of attorney's fees *if a court reverses the final determination of the appeals officer*. 65 P. S. § 67.1304(a). Even if the court reverses the determination, the court must find that the agency "willfully or with wanton disregard deprived the requester of access to a public record subject to access or otherwise acted in bad faith." 65 P. S. § 67.1304(a)(2).[4]

This court did not reverse the decision of the agency; thus, appellant is not entitled to attorney's fees and has not provided further argument as to why this court should have awarded said fees.

## III. CONCLUSION

For all of the reasons stated above, this court's decision should be affirmed.

---

4. The statute also provides that the court *may* impose penalties and costs in accordance with other applicable rules of the court; however, this is not an affirmative command. 65 P. S. § 67.1304(c).